IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES FISHER, <br> TDCJ #01495679, <br>     Petitioner, <br> VS. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br>     Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-CV-211 |

## **MEMORANDUM OPINION AND ORDER**

The petitioner, Charles Fisher (TDCJ #01495679), seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge seven state court felony convictions that were entered against him in 2008. The Court ordered Fisher to show cause why this petition should not be dismissed as time-barred. The Court noted in the show cause order that Fisher's proffered reasons for seeking equitable tolling—his ignorance of the law and his dyslexia—are not sufficient to warrant equitable tolling, particularly considering that the limitations period expired over seven years before he filed this petition. Fisher has responded to the show cause order, but he has not elaborated on his basis for requesting equitable tolling. The Court will dismiss the petition as barred by the statute of limitations.

**I.     BACKGROUND**

According to his petition and publicly available records, Fisher pled guilty in state court on March 24, 2008 to three charges of indecency with a child; three charges of

aggravated sexual assault of a child; and one charge of injury to a child (Dkt. 1 at pp. 2–3). Fisher took no action to challenge any of his convictions until January 24, 2016, when he filed a state petition for a writ of habeas corpus. *See* Texas Court of Criminal Appeals Docket Number WR-84,999-01. The Texas Court of Criminal Appeals ("TCCA") denied relief on May 18, 2016. Fisher filed this federal habeas petition on August 1, 2016 (Dkt. 1 at p. 10).[1]

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Section 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This petition is deemed filed on the date on which Fisher deposited it into the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). The Court is assuming that Fisher deposited this petition into the prison mailing system on the date on which he signed it.

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Essentially, subsections (B), (C), and (D) outline exceptions to the general rule, set forth in subsection (A), that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. *Flanagan*, 154 F.3d at 198. Section (d)(2) tolls limitations during the pendency of a properly filed state habeas petition. *Id.*

Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

Under Texas law, Fisher waived his right to appeal when he pled guilty. *See* TEX. R. APP. P. 25.2(a)(2). That being the case, his conviction became final, and the federal habeas statute of limitations began to run, on March 24, 2008, the date of judgment (Dkt. 1 at p. 2). *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (holding that if the defendant does not pursue relief on direct appeal through his state's highest court, "the conviction becomes final when the time for seeking further direct review in the state

court expires"). Even if Fisher for some reason did have a right to appeal, he did not file a notice of appeal within 30 days of the imposition of his sentence as required by the Texas Rules of Appellate Procedure, so his conviction became final on April 24, 2008. *See* TEX. R. APP. P. 26.2(a)(1); *Butler*, 533 F.3d at 317. Limitations therefore ran on either March 24, 2009 or April 24, 2009; and both dates are over seven years before the filing date of Fisher's federal habeas petition. Fisher's state habeas petition—which was filed on January 24, 2016—did not toll limitations because he filed it after the limitations period had expired. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

In its show cause order, the Court noted that Fisher appears to be seeking equitable tolling based on his ignorance of the law and his dyslexia (Dkt. 1 at pp. 6, 7, 9). Fisher's response to the show cause order has neither contested the Court's interpretation of his arguments in favor of equitable tolling nor elaborated on those arguments (Dkt. 6).

### III. <u>EQUITABLE TOLLING</u>

A habeas petitioner is entitled to equitable tolling if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The determination of whether equitable tolling is appropriate is, of course, governed by rules and precedent; but it often must be made on a case-by-case basis. *Id.* at 649–50. Courts must be mindful that "tolling is only available in exceptional circumstances." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (quotation marks omitted).

Fisher has not shown diligent pursuit of his rights. He has not, in fact, shown that he did anything at all to pursue his rights until he filed a state habeas petition nearly

seven years after the federal habeas limitations period expired. Moreover, he has not shown that extraordinary circumstances prevented him from filing this petition timely, much less that extraordinary circumstances prevented him from filing it until seven years after limitations ran. On their own, ignorance of the law, unfamiliarity with the legal process, and illiteracy are insufficient to warrant equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000).

The Court will deny Fisher's request for equitable tolling. This petition is time-barred.

## IV. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on January 18, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE